IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY LEE McCABE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 05-CV-014-WDS |
| ) | |
| TIMOTHY J. BUDZ, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is the Report and Recommendation of United States Magistrate Judge Philip M. Frazier, recommending that petitioner's motion for an order staying state court proceedings be denied and that respondent's motion to dismiss be granted. Petitioner has filed objections to the Report and Recommendation; pursuant to 28 U.S.C. § 636(b)(1), the Court will review *de novo* those portions of the recommendation to which specific written objections have been made.

The procedural history of this case is lengthy, and is more fully recounted in both the government's motion to dismiss and the petitioner's response. Essentially, petitioner was found guilty in 1986 on state charges and was sentenced to a term of imprisonment of thirty years in the Illinois Department of Corrections. Petitioner was scheduled to be placed on mandatory supervised release on December 22, 1999. On December 17, 1999, the State of Illinois filed a petition seeking petitioner's commitment as a sexually violent individual under the Illinois Sexually Violent Persons Commitment Act ("SVPCA"), 725 ILCS 207/1 et seq. (Doc. 16, Ex. A). On that same date, the Circuit Court for the Third Judicial Circuit, Madison County, Illinois,

issued an ex parte order for detention, and ordering that a probable cause hearing be scheduled for December 27, 1999. (Doc. 16, Ex. B). Following the probable cause hearing on December 27, 1999, the court entered an order finding that probable cause existed to detain petitioner as a sexually violent person under the SVPCA.[1] (Doc. 16, Ex. C). There has not been a trial to date, therefore, a final judgment of commitment has not been entered in the state court proceedings.

Following the circuit court's December 27, 1999 order of probable cause, petitioner filed numerous challenges to his detention under the SVPCA, both in that case and in collateral proceedings. Those challenges are set forth in detail in the government's motion. (Doc. 16, pp. 2-8). The government claims that the instant challenge is premature because the state court proceedings are still in progress. Specifically, petitioner has not yet been tried on the charges under the SVPCA, and, as petitioner admits, the delay in adjudicating the merits of that case is attributable to petitioner's numerous attempts to challenge his detention under the SVPCA. The government contends that petitioner still has state remedies (if petitioner prevails at his state trial, the instant petition will be moot, and if he is committed under the SVPCA following trial, he may appeal that judgment), and asks that the Court dismiss the petition as premature.

In the Report and Recommendation, the magistrate judge identifies the petition as one brought pursuant to 28 U.S.C. § 2254, and concludes that because petitioner did not fulfill his statutory obligation to exhaust his state court remedies, the petition must be dismissed. Petitioner objects on the ground that the magistrate judge misidentified the petition, that the petition is one brought pursuant to 28 U.S.C. § 2241, and that the Court has discretion to determine the merits of the petition regardless of whether petitioner exhausted his state court

---

[1] Petitioner was served with a copy of the Petition and Detention Order but not an actual summons. Petitioner claims, *inter alia*, that the court does not have personal jurisdiction over him.

remedies.

As both parties note, the instant petition is "properly classified as a § 2241 petition because it was filed pretrial and not while he was 'in custody pursuant to judgment of a state court.' See *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.2000) (§ 2254 is the vehicle for prisoners in custody pursuant to the judgment of a state court, but not those in state custody for some other reason, such as preconviction custody; in the latter case, § 2241 remains available)." *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001).

"While [state pretrial detainees seeking § 2241 relief] are not subject to the statutory requirement of exhaustion of remedies, 28 U.S.C. § 2254(b) (1988) (exhausting state remedies required of 'person in custody pursuant to the judgment of a State court'), federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296-96 (7th Cir. 1991) (citing Baldwin v. Lewis, 442 F.2d 29, 31-33 (7th Cir.1971)).

Here, the Court agrees with the government's assessment of this case. It is due to petitioner's various collateral challenges and filings and requests for continuances in the state court proceedings that the state court case has not yet been resolved. Upon resolution of the state court case, this action may be rendered moot; alternatively, should petitioner be committed under the SVPCA, petitioner may seek appellate review in the state court system. The Court further notes that because the petitioner may raise the claims he makes here in his pending civil case, he has not exhausted his administrative remedies. Therefore, while the Court is aware that it has the discretion to address the merits of the instant petition, the Court declines to do so.

Accordingly, the Court **SUSTAINS** petitioner's objection in part and **REJECTS** the

Report and Recommendation insofar as the magistrate judge identifies the petition as one under § 2254 and concludes that the Court has no discretion to adjudicate the merits of the petition as petitioner failed to exhaust his administrative remedies. However, the Court determines in its discretion that it is appropriate to require the petitioner to exhaust all avenues of state relief before seeking collateral review. Therefore, respondent's motion to dismiss is **GRANTED**, petitioner's motion to stay is **DENIED**, and the petition is **DISMISSED** without prejudice.

 **IT IS SO ORDERED.**

 **DATED: December 20, 2005.**


        **s/ WILLIAM D. STIEHL**
          **DISTRICT JUDGE**